## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MILIA NEKOE MCDANIEL,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )            No. 4:10CV1773 HEA
                                 )
CITY OF ST. LOUIS JUSTICE        )
CENTER, et al.,                  )
                                 )
            Defendants.          )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 25826-044), an inmate at Waseca Federal Correctional Institution ("FCI"), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $15.16. *See* 28 U.S.C. § 1915(b)(1). Furthermore, because the complaint fails to state a claim upon which relief may be granted, the Court will order plaintiff to submit an amended complaint within thirty (30) days of the date of this Order.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has

insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $75.82, and an average monthly balance of $40.76. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $15.16, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from

such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the

most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of her civil rights. Named as defendants are the St. Louis City Justice Center and the St. Louis Medium Security Institution ("MSI").

Plaintiff complains that she suffers from very serious medical conditions, including lupus, hypothyroidism, hypertension and rheumatoid arthritis, as well as several other disorders. Plaintiff claims that when she was transferred on a writ from FCI Waseca to the St. Louis City Justice Center on June 30, 2010, she carried her medication with her and provided it to the Justice Center. Plaintiff asserts that during her approximate two day stay at the Justice Center, she was not provided her medication.

Plaintiff was transferred to the St. Louis Medium Security Institution two days after arriving at the Justice Center. Plaintiff claims that during her approximate thirty (30) day stay at MSI she was not provided her medications. She asserts that as a direct result of defendants' failure to provide her with medications, after returning to FCI Waseca, she was in a lupus flare and suffered from low thyroid levels. Plaintiff claims

that she had to take methotrexate and steroids to treat her autoimmune issues as a result of not being provided her medications at the Justice Center and MSI.

**Discussion**

As written, plaintiff's complaint fails to state a claim upon which relief can be granted, as the jails are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."); *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). However, because plaintiff's complaint contains allegations regarding significant medical issues, the Court will provide plaintiff thirty (30) days to amend her complaint to attempt to state a claim under § 1983. After the filing of the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

If plaintiff fails to submit an amended complaint in the thirty (30) day period, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $15.16 within thirty (30) days of the date of this Order. Plaintiff is instructed to make

his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a copy of the Civil Rights Complaint Form for filing actions under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in this action no later than thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, this action will be reviewed pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's failure to submit an amended complaint in a timely manner will result in a dismissal of this action without prejudice.

Dated this 30th day of September, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE